

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-30-2005

# Kaur v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1508

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Kaur v. Atty Gen USA" (2005). *2005 Decisions.* Paper 637.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/637

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-1508
_____

JASWINDER KAUR,
Petitioner,

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA
_____

On Review of a Decision of the
Board of Immigration Appeals
(Agency No. A73 647 668)

_____

Submitted Under Third Circuit LAR 34.1(a)
August 19, 2005

Before:  RENDELL, AMBRO and FUENTES, Circuit Judges

(Filed:  August 30, 2005)
_____

OPINION
_____

PER CURIAM

Jaswinder Kaur, a citizen of India, seeks review of an order of the Board of

Immigration Appeals ("BIA"), denying her motion to reopen, which the BIA treated as a

motion for reconsideration.  For the reasons that follow, we will deny the petition.

Kaur entered the United States through Canada in 1994 without valid documents. In 1997, the Government charged Kaur with deportability on this ground. Kaur conceded deportability before an immigration judge ("IJ") and applied for asylum and withholding of removal based on her fear of persecution as a Sikh. The IJ denied her applications for relief but granted her voluntary departure within ninety days. Rather than voluntarily depart, Kaur appealed to the BIA, which dismissed her appeal as untimely on December 9, 1998.

In 1999, Kaur moved the IJ to reopen proceedings to apply for relief under the Convention Against Torture ("CAT"). The IJ ruled that Kaur had failed to establish a prima facie case for CAT relief, and denied the motion to reopen. Again the BIA affirmed. The BIA also denied Kaur's two subsequent motions to reopen proceedings. We denied her petition for review of the BIA's November 20, 2003 order denying her second motion to reopen. Kaur v. Ashcroft, No. 03-1917 (3d Cir. Nov. 9, 2004).

On December 8, 2004, Kaur returned to the BIA and filed a motion to reopen, again expressing her fear of persecution if returned to India. The BIA treated Kaur's motion as one seeking reconsideration of its November 20, 2003 order and denied it as untimely. Kaur timely petitions for review of that order.

Why the BIA treated Kaur's motion to reopen as a motion to reconsider is unclear. A motion to the BIA to reconsider "shall state the reasons for the motion by specifying the errors of fact or law in the prior Board decision and shall be supported by pertinent

2

authority." 8 C.F.R. § 1003.2(b)(1). Kaur's motion to reopen does not even reference the BIA's prior decision, much less specify any errors in it. Rather, Kaur's motion to reopen alleges changed country conditions in India, which is a proper basis for filing a motion to reopen. See 8 C.F.R. 1003.2(c)(3)(ii).

Regardless, we review the BIA's order for abuse of discretion with "broad deference" to its decision. Ezeagwuna v. Ashcroft, 325 F.3d 396, 409 (3d Cir. 2003); see INS v. Doherty, 502 U.S. 314, 323 (1992) (noting the broad deference due the BIA's decision). Under this standard, we will reverse the BIA's decision only if it is "arbitrary, irrational, or contrary to law." Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002).[1]

Generally, a motion to reopen must be filed no later than ninety days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened. 8 C.F.R. § 1003.2(c)(2); Calle-Vujiles v. Ashcroft, 320 F.3d 472, 473-74 (3d Cir. 2003). The time limitation does not apply to a motion to reopen proceedings to apply for asylum or withholding of removal based on changed circumstances in the country to which removal has been ordered, provided the evidence of changed circumstances is material, was not available, and could not have been presented at the previous hearing. See 8 C.F.R. § 1003.2(c)(3)(ii); Johnson v. Ashcroft, 286 F.3d 696, 704 n.8 (3d Cir.

---

[1]    The Government correctly notes that Kaur's brief does not address how the BIA abused its discretion in denying her motion as untimely. Her brief argues only that she has wrongly been denied asylum and withholding of removal. We cannot consider this argument, however, because the only order currently subject to our review is the order denying Kaur's motion to reopen as untimely. See Nocon v. INS, 789 F.2d 1028, 1033 (3d Cir. 1986).

3

2002).

Here, while Kaur's motion alleges that conditions in India have changed, she provides no evidence whatsoever to support this allegation. Without such evidence, she cannot overcome the ninety-day time bar. Her motion to reopen, filed in December 2004, was filed years after her order of removal became final. Thus, the BIA did not abuse its discretion in ruling that Kaur's motion to reopen was untimely.[2]

In sum, we find no basis to conclude that the BIA abused its discretion in denying Kaur's motion as untimely, whether treated as a motion to reopen or to reconsider. Accordingly, we will deny her petition for review.

---

[2] Likewise, treated as a motion to reconsider, Kaur's motion would be untimely. A motion to reconsider must be filed within thirty days of the BIA's prior order. See 8 C.F.R. § 1003.2(b)(2). Kaur's motion filed in December 2004 was filed more than one year after the BIA's prior order of November 20, 2003.